UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

Kimberly Lewis                                              ORDER DECLARING CASE
                                                            ELIGIBLE FOR MEDIATION
                    **Plaintiff,**

       -against-                                     No. 08 Civ. 3793 (RMB)


The Ritz-Carlton Central Park

                    **Defendants**.
_____ X

*To the Clerk of the Court:*

**This case is determined to be:**

    ____ I. Not eligible for mediation because the case is:

        ___*a*. Not a case in which money damages only have been sought.
        ___*b*. A social security case.
        ___*c*. A tax matter.
        ___*d*. A *Pro Se* case
        ___*e*. A prisoner's civil rights case.

    ____ II. Not eligible for mediation as otherwise determined by the Court.

    ✓ III. Eligible for mediation subject to the limitations and restrictions noted below.

**If the case has been determined eligible for mediation:**

        ✓*a*. All issues are eligible.
        ___*b*. Only specific issue(s) is/are eligible *(cite issue(s))*.


**SOLELY FOR THE PURPOSES OF THIS MEDIATION, Plaintiff is represented by:**

        ROBERT L. BECKER, ESQ.
        Raff & Becker, LLP
        470 Park Avenue South
        3rd Floor North
        New York, New York 10016
        Work: (212) 732-5400
        Fax:   (212) 732-0270
        Email: beckerr@raffbecker.com

This attorney has volunteered to participate in the Court's mediation project. If there is any conflict of interest, the attorney shall notify Natalie J. Sobchak, Senior Staff Attorney, in the Court's *Pro Se* Office immediately at (212) 805-0177. The attorney shall consult with plaintiff and shall attend the mediation when scheduled. **If the case is not resolved through the mediation process, the attorney shall have no obligation to have any further involvement in the case. Under no circumstances shall the Court require the attorney to accept representation for any further part of the litigation.**

The entire mediation process is confidential. The parties and the Mediator may not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree. The identity of the mediator is not to be disclosed even to the Court. However, persons authorized by the Court to administer or evaluate the mediation program may have access to information necessary to so administer or evaluate the program and parties. Counsel and Mediators may respond to confidential inquiries or surveys by said persons authorized by the Court to administer or evaluate the mediation program.

The mediation process shall be treated as a compromise negotiation for purposes of the Federal Rules of Evidence and state rules of evidence. The Mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process.

Any timetable set by the Court contained in a scheduling order or otherwise governing the completion of discovery, motion practice or trial date, etc. is to be strictly complied with and is in no way changed by the entry of the case into the Court's mediation program.

So Ordered.

_____
RICHARD M. BERMAN
United States District Judge

Dated: 8/18/08
New York, New York